UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICHARD J. TURNER, TAMINIKA SHAUL & DERRICK THOMAS** | * | CIVIL ACTION # : _____ |
| | * | DIVISION:           _____ |
| **Plaintiffs,** | | |
| **CHRISTOPHER C. COOK, TEXAS FREIGHT SERVICES & CANAL INSURANCE COMPANY** | * | JUDGE:              _____ |
| | * | MAG. JUDGE:    _____ |
| **Defendants,** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORIGINAL COMPLAINT

NOW INTO COURT, by and through undersigned counsel, comes Richard J. Turner, Taminika Shaul and Derrick Thomas made Petitioners herein; all persons of the full age of majority and residents of the State of Louisiana, who allege and aver as follows:

## PARTIES

The following parties, made Defendants in this lawsuit, are made liable unto your Petitioners, in an unspecified amount, together with legal interest thereon from the date of judicial demand for the following reasons:

1. **CHRISTOPHER C. COOK**, and individual believed to be a resident of and domiciled in Macon County, State of Georgia;

2. **TEXAS FREIGHT SERVICES, INC**., a non-Louisiana company authorized to do business and in fact doing business in the State of Louisiana, domiciled and incorporated in the County of Harrison, State of Texas;

3. **CANAL INSURANCE COMPANY**, a foreign insurance company authorized to do and in fact doing business in the State of Louisiana, domiciled and incorporated in the County of Greenville, State of South Carolina.

## JURISDICTION AND VENUE

4. The Petitioners are all citizens of the State of Louisiana.

5. Defendant Christopher C. Cook is a citizen of the State of Georgia.

6. Defendant Texas Freight Services, Inc. is a business corporation incorporated under the laws of the State of Texas with its principal place of business in the State of Texas.

7. Defendant Canal Insurance Company is a business corporation incorporated under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

8. The amount in controversy exceeds $75,000.00, excluding interest, costs and attorney's fees, pursuant to 28 U.S.C. § 1332.

9. Venue is properly in this Honorable Court as all actions giving rise to this *Original Complaint* occurred in the Parish of Orleans, State of Louisiana.

## FACTS

10. On or about November 29, 2017 your Petitioners Richard J. Turner, Taminika Shaul and Derrick Thomas, the properly restrained passengers of a 2009 Nissan Murano were travelling westbound in the center lane of traffic on Interstate 10 on the High-Rise in New Orleans, Louisiana. Suddenly and without warning, their vehicle was struck by a 2016 Freightliner Semi-Truck driven by the Defendant, Christopher C. Cook *(hereinafter referred to as Mr. Cook)*. Mr. Cook was also traveling westbound

in the right hand lane, then changed to the middle lane suddenly and without checking to see if the lane was clear causing the aforesaid collision.

11. The New Orleans Police Department was called to the scene and Mr. Cook was cited for 'improper lane usage' in violation of Louisiana law.

12. As a result of the aforementioned collision, your Petitioners sustained severe and serious bodily injuries.

13. The specific acts of negligence on the part of the Defendant, Christopher C. Cook, whose negligence was the sole and proximate cause of this incident, include, but are not limited to, the following to-wit:

    a. Failure to maintain a proper lookout,

    b. Failure to use reasonable vigilance,

    c. Improper lane usage,

    d. Careless/reckless operation of a motor vehicle; and,

    e. Any and all other acts of negligence and/or imprudence and/or lack of care which may be proven during the investigation and/or at the trial of this matter.

14. At all times pertinent thereto the vehicle being driven by Mr. Cook was owned by Defendant Texas Freight Services, Inc. and Mr. Cook was acting within the course and scope of his employment for Defendant Texas Freight Services, Inc. Therefore Texas Freight Services, Inc. is vicariously liable for the damages suffered by your Petitioners.

15. Your Petitioners further allege that Defendant Texas Freight Services, Inc. was negligent in the following respects:

    a. Negligent entrustment of their vehicle to Mr. Cook,

      b. Failure to properly train their employees; and,

      c. Any and all other acts of negligence and/or imprudence and/or lack of care, which may be proved during the investigation and/or at the trial of this matter.

16. Petitioners further allege on information and belief that the vehicle being driven by Mr. Cook and owned by Texas Freight Services, Inc. at the time of this accident was covered by an insurance policy issued by Canal Insurance Company.

17. Petitioners further allege on information and belief that the policy issued to Texas Freight Services, Inc. (bearing policy # PIA-086220-01) was then in full force and effect by virtue of the payment of premiums and otherwise at the time of the incident described herein.

18. Petitioners further allege on information and belief that under the terms of said policy, Canal Insurance Company obligated itself to pay any and all damages caused to others as a result of the negligence of Mr. Cook and/or Texas Freight Services, Inc.

19. Petitioners further allege on information and belief that Mr. Cook, Texas Freight Services, Inc. and Canal Insurance Company are therefore jointly, severally and in solido indebted unto your Petitioners for all damages as are reasonable under the premises, with legal interest therein from the date of judicial demand until paid, and for all costs of these proceedings.

## DAMAGES

20. As a result of the aforementioned incident, the Petitioners have suffered damages including but not limited to, pecuniary compensation, medical expenses, mental anguish, loss of enjoyment of life, physical pain and suffering and inconvenience.

21. In addition to compensatory damages, the Petitioners claim interest at the maximum legal rate from November 29, 2017, or as allowed by law, on the damages they have suffered as a result of the accident made subject of this litigation prior to entry of judgment and subsequent to the entry of judgment.

## JURY DEMAND

The Petitioners respectfully request that a jury be convened to try the factual issues of this matter.

## PRAYER

**WHEREFORE**, Plaintiffs Richard J. Turner, Taminika Shaul and Derrick Thomas demand judgment against Defendants Christopher C. Cook, Texas Freight Services, Inc. and Canal Insurance Company as follows:

a. Awarding actual and exemplary damages to Plaintiffs in an amount in excess of $1,000,000.00 *One Million dollars*;

b. Awarding pre-judgment and post-judgment interest to Plaintiffs;

c. Awarding the cost and the expenses, including reasonable attorney's fees, of this litigation to the Plaintiffs; and

d. Granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted by:

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

*/s/ Edwin M. Shorty, Jr.*

EDWIN M. SHORTY, JR., LSBA # 28421 (Trial Counsel)
NATHAN M. CHIANTELLA, LSBA # 35450
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (504) 207-1370
Fax:    (504) 207-0850
Email: eshorty@eshortylawoffice.com
Email: nchiantella@eshortylawoffice.com
*Counsel for Petitioners - Richard J. Turner, Taminika Shaul and Derrick Thomas*

## CERTIFICATE OF SERVICE

I certify that on this the 16th day of March 2018, a copy of the foregoing pleading was filed with the clerk of court using the CM/ECF system. Notice of this filing will be served upon all parties by operation of the Court's electronic filing system.

*/s/ Edwin M. Shorty, Jr.*
EDWIN M. SHORTY, JR.