UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TAMINIKA SHAUL, DERRICK                        CIVIL ACTION
THOMAS, and RICHARD J. TURNER

V.                                             NO. 18-2851

CANAL INSURANCE COMPANY,
CHRISTOPHER C. COOK, and                       SECTION "F"
TEXAS FREIGHT SERVICES, INC.


ORDER AND REASONS

Before the Court is the plaintiffs' Rule 12(b)(6) motion to dismiss the defendants' amended counterclaim, or in the alternative, Rule 56 motion for summary judgment. For the reasons that follow, the motion is DENIED.

**Background**

This personal injury action arises out of a motor vehicle accident that allegedly occurred on the I-10's Highrise Bridge in New Orleans, Louisiana.

On November 29, 2017, Richard Turner, Taminika Shaul, and Derrick Thomas were riding as passengers in a Nissan Murano traveling westbound on Interstate 10 in the center lane. Christopher Cook was allegedly driving a Freightliner semi-truck in the right-hand lane next to the Nissan. It is alleged that, "suddenly and without warning," Mr. Cook "changed to the middle lane," causing his semi-truck to strike the Nissan.

1

On March 16, 2018, Richard Turner, Taminika Shaul, and Derrick Thomas sued Christopher Cook, Texas Freight Services, Inc. (Cook's employer), and Canal Insurance Company (Texas Freight's automobile liability insurer), alleging that Cook's negligence caused their injuries and seeking damages in excess of $1,000,000.

In October of 2018, the defendants were granted leave to file a counterclaim, alleging that the plaintiffs misrepresented and/or staged the accident and/or misrepresented their injuries, causing the defendants to sustain damages in the form of attorneys' fees and litigation expenses. The plaintiffs then moved to dismiss the counterclaim for failure to state a claim, after which the defendants filed an amended counterclaim on December 17, 2018.

In their amended counterclaim, the defendants allege that the plaintiffs conspired together to cause and/or stage this accident. For support, the defendants submit that Mr. Cook did not merge to the left as plaintiffs allege or experience any type of impact consistent with a motor vehicle accident. They further allege that there was no damage to the 18-wheeler and minimal damage to the passenger side of the plaintiffs' vehicle, which plaintiffs attribute to the purported accident discussed in their complaint. The defendants also allege that they have discovered over 30 other accidents with similar factual scenarios, where 18-wheelers on the I-10 or 6-10 in New Orleans are flagged down regarding accidents of which their drivers are unaware. According to the defendants,

2

plaintiff Richard Turner's brother (Rashad Turner) was involved in one of these similar accidents one week prior to this accident, his mother (Tiffany Turner) and sister (Adonte Turner) were involved in their own similar accident just a week before Rashad's, and Tiffany Turner's former husband (Juan Matthews) was involved in an accident with the same fact pattern about four months earlier.

The plaintiffs now move to dismiss the defendants' amended counterclaim pursuant to Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56.

I.

*A.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require

3

'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Stated differently, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Texas, 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Id. at 502-03; see also Iqbal, 556 U.S. at 678 ("[W]e are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal citations omitted).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and

4

footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

*B.*

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence.").

6

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (internal quotation marks and citation omitted).

II.

The plaintiffs urge the Court that the fraud allegations in the defendants' amended counterclaim fail to satisfy Rule 9(b)'s heightened pleading standard, and in any event, are not supported by competent summary judgment evidence under Rule 56.

*A.*

The Court first considers whether the defendants' amended counterclaim with particularity alleges fraud. Under Louisiana law, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. "The elements of a Louisiana delictual fraud

7

or intentional misrepresentation cause of action are: (a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury." McGee-Hudson v. United States, No. 16-796, 2017 WL 6803767, at *3 (M.D. La. Oct. 31, 2017) (quoting Guidry v. U.S. Tobacco, Inc., 188 F.3d 619, 627 (5th Cir. 1999)). State law fraud claims, such as those alleged by the defendants here, are subject to the heightened pleading requirement set forth in Federal Rule of Civil Procedure 9(b). Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338-39 (5th Cir. 2008).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. The Fifth Circuit "'interprets Rule 9(b) strictly, requiring a [party] pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Dorsey, 540 F.3d at 339 (quoting Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)). In other words, "Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." Id. (quoting ABC Arbitrage Plaintiffs Grp. v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002)). Because the particularity demanded by Rule 9(b) is

8

supplemental to Rule 8(a)'s pleading standard, "dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)." Lentz v. Trinchard, 730 F. Supp. 2d 567, 579 (E.D. La. 2010) (quoting U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 901 (5th Cir. 1997)).

The Court finds that the defendants' amended counterclaim satisfies Rule 9(b)'s particularity requirement. Here, the alleged misrepresentation is the plaintiffs' assertion in their complaint that they were injured in a motor vehicle accident caused by Christopher Cook on November 29, 2017. According to the defendants' counterclaim, this assertion is untrue because the plaintiffs intentionally caused or "staged" the accident. For support, the defendants allege that Mr. Cook did not feel any type of impact consistent with a motor vehicle accident, that there was no damage to the 18-wheeler and minimal damage to the plaintiffs' vehicle, and that they have discovered over 30 other accidents with similar factual scenarios, where 18-wheelers on the I-10 or 6-10 in New Orleans are flagged down regarding accidents of which their drivers are unaware.

Notably, the defendants allege that plaintiff Richard Turner's mother, sister, brother, and former stepfather had been involved in three accidents nearly identical this one, after which they retained Vanessa Motta or Edwin Shorty, Jr. (the lead counsel

of record in this case) to represent them in asserting personal injury claims.  Specifically, the defendants allege that Richard Turner's brother (Rashad Turner) was involved in one of these similar accidents one week prior to this accident, that his mother (Tiffany Turner) and sister (Adonte Turner) were involved in their own similar accident just a week before Rashad's, and that Tiffany's former husband (Juan Matthews) was involved in another accident with a similar fact pattern about four months earlier. The defendants further allege that Tiffany Turner's cellphone records reveal that she has been associated with Ryan Harris, who was involved in an accident with an 18-wheeler on the I-10 in March of 2017 and is related to multiple individuals who have also been involved in other similar accidents.

   The defendants further submit that they have uncovered a comment on one of Tiffany Turner's Facebook photos, where an individual named Marlene Kennedy states that Tiffany and her kids have intentionally caused or faked accidents on the "blind side" of 18 wheelers.  The counterclaim also includes a detailed chart that delineates the plaintiffs in 20 strikingly similar lawsuits, counsel for the plaintiffs in those lawsuits, when and where the accidents allegedly occurred, and what circumstances caused the underlying accidents.  The defendants ultimately allege that the plaintiffs here and those in the 20 similar lawsuits have

fraudulently misrepresented the occurrence of motor vehicle accidents to defraud automobile insurance companies.

If accepted as true and considered together, these factual allegations support an inference that the plaintiffs have made misrepresentations in their complaint to collect damages from the defendants for an accident that they staged. And in being forced to defend plaintiffs' purportedly false claims, the defendants have suffered damages in the form of attorneys' fees and litigation expenses.[1]

The Court finds two recent rulings by Magistrate Judge van Meerveld in related cases instructive. In Frazier v. Runnels, Judge van Meerveld held that allegations of fraud asserted against Tiffany Turner, Adonte Turner, and Dimitri Frazier were stated with particularity because the counterclaim alleged that "similar accidents ha[d] been suffered by relatives of Tiffany Turner who were represented by the same attorney who pursued other, similar claims on behalf of other plaintiffs and that Tiffany ha[d] previously made questionable insurance claims and [] been convicted of forgery." See Order and Reasons dtd. 9/24/18, Rec. Doc. 22, Civil Action No. 18-2340. However, in Reff v. Werner Enterprises, Inc., Judge van Meerveld determined that a fraud

---

[1] The merits of defendants' assertions will necessarily await trial. If successful, this Court will have the discretion to refer the matter to the office of the United States Attorney.

11

counterclaim did not survive Rule 9(b)'s heightened pleading standard because it only alleged "some coincides, several of which [we]re not that striking." See Order and Reasons dtd. 3/20/19, Rec. Doc. 32, Civil Action No. 18-8350. Distinguishing the Reff counterclaim from the one asserted in Frazier, Judge van Meerveld explained that "several of the 'similar' accidents cited by the defendants in Frazier actually involved relatives of the Frazier plaintiffs," while the defendants in Reff only alleged that one of the plaintiffs lived in the same vicinity as other purported accident victims and speculated that he may be related to them.

Here, the inference of fraud is more analogous to that present in Frazier than Reff. Notably, the defendants have explained in their amended counterclaim that plaintiff Richard Turner is the son of Tiffany Turner, brother of Adonte and Rashad Turner, and the former step-son of Juan Matthews. Thus, the alleged connections to other similar accidents here are based on neither geographic proximity to the residences of other plaintiffs nor conjecture about familial relationships. Because the fraud allegations in the defendants' amended counterclaim are stated with particularity, dismissal under Rule 12(b)(6) is not appropriate.

*B.*

The Court next considers whether the defendants' counterclaim survives the plaintiffs' motion for summary judgment. The

plaintiffs contend that the defendants' fraud allegations are supported by only two pieces of evidence, neither of which is competent: (1) the unsworn statement of Marlene Kennedy given to a private investigator on April 20, 2018; and (2) a Facebook post purportedly made by Ms. Kennedy on September 26, 2016. The plaintiffs further submit that the defendants' decision to settle a personal injury claim filed by Sade Thomas, the driver of the car in which the plaintiffs were riding, undermines the defendants' fraud counterclaim.

In response, the defendants present the following evidence to substantiate their fraud allegations: (1) the deposition testimony of each plaintiff in this case; (2) certified cellphone records; (3) certified accident reports from similar alleged incidents; (4) pleadings filed in lawsuits arising out of those accidents; and (5) the report of Wayne Winkler, an accident reconstruction expert.

First, the deposition testimony of plaintiff Richard Turner confirms that he is related to at least three other plaintiffs involved in two similar accidents. During his deposition on October 11, 2018, Richard Turner testified that he is the son of Tiffany Turner and the brother of Adonte Turner and Rashad Turner.[2]

---

[2] On April 3, 2019, Tiffany Turner, Adonte Turner, and Dimitri Frazier moved to dismiss their own personal injury claims, which were pending before Judge Lemelle in another Section of this Court. The motion to dismiss was filed approximately two weeks after the Frazier plaintiffs submitted affidavits, attesting that they would

Richard Turner also stated, under oath, that he was living with his mother, sister, and brother when the accident alleged in this occurred.

Certified cellphone records, in turn, establish a consistent pattern of communication between plaintiff Taminka Shaul and Tiffany Turner. Notably, Ms. Shaul's cellphone records document approximately ten calls between her number and Tiffany Turner's on the day of this alleged accident, followed by a dozen calls the next day.[3] The defendants next point to Derrick Thomas's deposition testimony to establish a link between the third plaintiff in this case and Tiffany Turner. During his deposition on October 11, 2018, Derrick Thomas acknowledged that he had met or seen Tiffany Turner and that he knew where she was living at the time of the accident in which he was involved.

Finally, the defendants submit the report of accident reconstruction expert, Wayne Winkler, in which he opines that the "the claims arising out of this incident stem from intentional and/or staged acts." In reaching his conclusion, Mr. Winkler explains, in part, that the "magnitude and characteristics of the damage on the [plaintiffs'] vehicle were consistent with the actions of a driver who purposely made contact with the tires on

---

assert their Fifth Amendment privilege against self-incrimination if called to testify at trial.

[3] During her deposition on June 11, 2018, Tiffany Turner testified that her cell phone number was 504-535-8171 in November of 2017.

a commercial semi-trailer" and that Ms. Shaul and Mr. Thomas's testimony regarding the accident were inconsistent with the minimal physical damage on the vehicle in which they were riding. Together, this evidence raises a serious issue of material fact as to whether Richard Turner, Taminika Shaul, and Derrick Thomas made misrepresentations in their complaint to collect damages for an accident that they staged.[4]

Accordingly, for the foregoing reasons, IT IS ORDERED: that the plaintiffs' motion to dismiss or for summary judgment is hereby DENIED.

New Orleans, Louisiana, May 7, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] The admissibility of Sade Thomas's settlement is the subject of a motion in limine by the defendants that is set for hearing on the trial date, June 3, 2019. For purposes of this motion, the Court need not decide whether such evidence is admissible because, even if it is considered, there is nonetheless a genuine dispute of material fact as to whether this accident did not occur as the plaintiffs allege.