## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD J. TURNER | * | CASE  NO:  18-cv-2851 |
| TAMINIKA SHAUL, | * | |
| AND DERRICK THOMAS | * | |
| | * | |
| VERSUS | * | JUDGE MARTIN L.C. FELDMAN |
| | * | |
| CHRISTOPHER C. COOK, TEXAS | * | |
| FREIGHT SERVICES & CANAL | * | MAG. JUDGE JANIS vanMEERVELD |
| INSURANCE COMPANY | * | |
| | * | JURY TRIAL |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>PRE-TRIAL ORDER</u>

**1.**     **PRE-TRIAL CONFERENCE:**

A pre-trial conference is scheduled before the Honorable Martin L.C. Feldman on **May 14, 2019** at **10:30 a.m**.

**2**.     **APPEARANCE OF COUNSEL:**

Edwin M. Shorty, Jr., #28241
Nathan M. Chiantella, #35450
EDWIN M. SHORTY, JR. &
ASSOCIATES, APLC
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone:  (504) 207-1370
Fax: (504) 207-0850
Email: eshorty@eshortylawoffice.com
Email:
nchiantella@eshortylawoffice.com

*And*

Hope L. Harper, #33173
H.L. HARPER & ASSOCIATES, L.L.C.
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (855) 880-4673
Fax: (504) 322-3807
Email:

Guy D. Perrier, #20323
Michael W. Robertson, #31943
Dustin L. Poché, #33451
PERRIER & LACOSTE, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820;
Fax:  (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
ATTORNEYS FOR DEFENDANTS,
*Christopher C. Cook and Canal
insurance Company*

hharper@hlharperandassociates.com
ATTORNEYS FOR PLAINTIFFS,
*Richard J. Turner, Taminika Shaul and*
*Derrick Thomas*

3. **DESCRIPTION OF PARTIES:**

Richard J. Turner is a Plaintiff in the principal action and a Defendant-in-Counterclaim. He is a person of the full age of majority and a resident of and domiciled in the State of Louisiana. Mr. Turner was a passenger in the Plaintiffs' vehicle at the time of the alleged accident.

Taminika Shawl is a Plaintiff in the principal action and a Defendant-in-Counterclaim. She is a person of the full age of majority and a resident of and domiciled in the State of Louisiana. Ms. Shawl was a passenger in the Plaintiffs' vehicle at the time of the alleged accident.

Derrick Thomas is a Plaintiff in the principal action and a Defendant-in-Counterclaim. He is a person of the full age of majority and a resident of and domiciled in the State of Louisiana. Mr. Thomas was a passenger in the Plaintiffs' vehicle at the time of the alleged accident.

Christopher C. Cook is a Defendant in the principal action. He is a person of the full age of majority and a resident of and domiciled in the State of Georgia. Mr. Cook was operating a vehicle owned by Texas Freight Services at the time of the alleged accident.

Canal Insurance Company is a Defendant in the principal action and a Plaintiff-in-Counterclaim. Canal Insurance Company is a foreign insurer, incorporated in the State of South Carolina. Canal Insurance Company issued a policy to Texas Freight Services, Inc. DBA TFS of Georgia, with policy number PIA08622001, which is the best evidence of the coverage afforded

therein, as well as best evidence of the terms, conditions, policy coverage limits, and/or exclusions of said coverage.

Texas Freight Services is no longer a party.  All claims against Defendant, Texas Freight Services were dismissed without prejudice on July 11, 2018.  Rec. Doc. 14.

**4.**   **JURSIDICTION:**

This Court has diversity jurisdiction.  28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states…."  This Court has supplemental jurisdiction over the Counterclaim under 28 U.S.C. § 1367(a).

As a result of the accident made subject of this litigation, Plaintiff Derrick Thomas sustained injuries to his cervical and lumbar spine, resulting in complaints of neck and low back pain.  Specifically, Mr. Thomas sustained the following injuries:

    a.   Small disc bulge at C3-4, C4-5, and C5-6;

    b.   Facet joint hypertrophy at C3-4, C4-5, and C5-6; and

    c.   Facet joint hypertrophy at L5-S1, L4-5, L3-4, and L2-3 as well as mild disc bulging.

Plaintiffs aver the damages sustained by Mr. Thomas satisfy the jurisdictional amount for diversity.  In support of this assertion, Plaintiffs submit the following for consideration:  In *Hoyt v. Gray Ins. Co.*, 2000-2517 (La. App. 4 Cir. 1/31/02), 809 So.2d 1076, a female automobile passenger was awarded $150,000.00 after suffering a lumbar disc bulge at L5-S1.  In *Day v. Ouachita Parish School Bd.*, 35,831 (La. App. 2 Cir. 08/08/02), 823 So.2d 1039, the plaintiff was awarded $245,000.00 after sustaining a herniated lumbar disc. In *Strother v. Continental Casualty Ins. Co.*, 2005-1094 (La. App. 3 Cir. 11/22/06), 944 So.2d 774, the plaintiff was

awarded $144,000.00 for a lumbar disc protrusion.  In *Fox vs. Anderson*, 2005-934 (La. App. 3 Cir. 03/01/06), 924 So.2d 399, the plaintiff was awarded $175,000.00 for suffering herniated cervical & lumbar discs. In *Mullican v. Transamerica Ins. Group*, 2000-0105 (La. App. 3 Cir. 11/02/00), a woman was awarded $85,000.00 in a slip in fall accident. She suffered from a mild protruding disc at L5-S1 with pre-existing foraminal stenosis.

- Plaintiffs' Summary of Factual Basis and Legal Basis:

Plaintiffs were involved in a motor vehicle accident on November 29, 2017 in New Orleans, Louisiana.  At the time of said accident, Plaintiffs were the properly restrained passengers of a 2009 Nissan Murano traveling westbound in the center lane of traffic on Interstate 10 on the High-Rise in New Orleans, Louisiana.  Suddenly and without warning, Plaintiffs' vehicle was struck by 2016 Freightliner Semi-Truck driven by Defendant Christopher C. Cook ("Mr. Cook").  Mr. Cook was traveling westbound in the right lane on Interstate 10 on the High-Rise in New Orleans, Louisiana when he changed to the middle lane suddenly and without checking to see if the lane was clear causing the aforesaid collision.  The New Orleans Police Department responded to the scene and Mr. Cook was cited for 'improper lane usage' in violation of Louisiana law.  As a result of the aforementioned collision, Plaintiffs sustained severe and serious bodily injuries.  Defendants are liable unto Plaintiffs for the damages sustained as a result of the aforementioned collision pursuant to Louisiana Civil Code article 2315.

- Defendants' Summary of Factual Basis and Legal Basis:

All Plaintiffs' alleged damages and/or injuries made the subject of this litigation were proximately caused solely and entirely by the fault and/or negligence and/or intentional acts of Sade Thomas, and/or Plaintiffs, Richard Turner, Derrick Thomas, and Taminika Shawl.

Defendants also maintain that they had no responsibility or liability for the damages complained of, and the alleged accident occurred under circumstances over which they were not required to exercise control. Defendants further submit that Plaintiffs were not injured as a result of the accident and/or the alleged injuries were pre-existing. In the event the finder of fact believes Plaintiffs were injured in the accident made the basis of this litigation, Plaintiffs failed to mitigate their damages.

5.    **PENDING MOTIONS:**

   a.   Plaintiffs/Defendants-in-Counterclaim's Omnibus Motion in Limine (Rec. Doc. 52) (hearing continued to June 3, 2019, pursuant to Rec. Doc. 82);

   b.   Defendants' Omnibus Motion in Limine (Rec. Doc. 53) (hearing continued to June 3, 2019 pursuant to Rec. Doc. 82);

   c.   Defendants' Motion in Limine to Exclude Portions of Accident Report, Exclude Traffic Citation, and Limit Testimony of Officer Colin Eskine (Rec. Doc, 54) (hearing continued to June 3, 2019, pursuant to Rec. Doc. 82);

   d.   Defendants' Motion in Limine to Exclude the Testimony of any Witness Regarding their Settlements (Rec. Doc. 55) (hearing continued to June 3, 2019, pursuant to Rec. Doc. 82); and

   e.   Plaintiffs' Motion to Compel More Complete Discovery Responses (Rec. Doc. 85) (oral argument set for May 15, 2019, pursuant to Rec. Doc. 87).

6.    **BRIEF SUMMARY OF MATERIAL FACTS CLAIMED:**

   **a. Plaintiff:**

This lawsuit arises out of a motor vehicle accident on November 27, 2017, between an 18-wheeler, tractor trailer owned by Texas Freight Services and being operated by Christopher

5

C. Cook and a 2009 Nissan Murano operated by Sade Thomas with guest passengers Richard J. Turner, Taminika Shaul, and Derrick Thomas.  Defendant Cook struck the passenger side of Plaintiffs' vehicle when he changed from the right lane of travel to the middle lane of travel.  As a result of said collision, Plaintiffs sustained bodily injuries.

**b. Defendants:**

This lawsuit arises out of an alleged November 29, 2017 accident, in Orleans Parish between an 18-wheeler, tractor trailer owned by Texas Freight Services and being operated by Christopher C. Cook and a 2009 Nissan Murano operated by Sade Thomas with guest passengers Richard J. Turner, Taminika Shaul, and Derrick Thomas.  Plaintiffs allege that they were side-swiped by Mr. Cook's commercial vehicle.  Mr. Cook denies striking the Plaintiffs' vehicle.  Mr. Cook did not feel any impact consistent with a motor vehicle accident occurring, and there was not damage to the vehicle he was operating.

Defendants content that Sade Thomas and/or Plaintiffs negligently or intentionally caused and/or staged the alleged accident. Plaintiffs' immediate family members were involved in similar accidents with commercial vehicles within a short period of time.  More specifically:

- Tiffany Turner and Adonte Turner, the mother and sister, respectively, of Richard Turner were also involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately two weeks before, on November 13, 2017;

- Juan Matthews, who was still married to Tiffany Turner in November, 2017, was also involved in an alleged sideswipe accident with multiple occupants at milepost 239 on Interstate 10 eastbound on July 23, 2017; and

- Rashad Turner, the son of Tiffany Turner and brother of Richard Turner, was involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately one week before, on November 20, 2017.

Defendants submit that Plaintiffs were not injured in the alleged accident made the basis of this litigation.  If any injury did occur, Defendants submit that Plaintiffs injuries would be classified as soft tissue injuries, and Plaintiffs failed to mitigate their damages.

Canal Insurance Company also filed a Counterclaim and affirmative defenses asserting Plaintiffs presented fraudulent claims and conspired together to cause and/or stage this accident. Defendants have uncovered evidence of numerous other accidents with similar factual scenarios to the alleged accident herein, including the above referenced alleged side swipe 18-wheeler accidents involving Richard Turner's family members.  Phone records connect the Plaintiffs herein with individuals involved in other suspicious accidents.  Independent witnesses will testify regarding their knowledge of staged accidents and Plaintiffs' connections to individuals involved in staged accidents.

Dr. Partington reviewed Ms. Shawl's February 21, 2018 cervical spine MRI which revealed degenerative changes present for at least a year and could not be related to the accident. Ms. Shawl's March 7, 2018 lumbar spine MRI also revealed degenerative changes and a small disc herniation without any impingement that Mr. Partington could not say how long it was present, which could have been caused by other incidents.   Dr. Partington also reviewed Mr. Thomas' March 15, 2018 cervical spine MRI revealing one minimal disc bulge with surrounding spurs, and his lumbar spine MRI revealed two disc bulges with surrounding spurs.  Due to the

degenerative changes, Dr. Partington did not believe Mr. Thomas' minimal disc bulging was related to this accident.

Finally, Wayne Winkler, an expert accident reconstructionist, opined that the alleged contact sustained by Plaintiffs was very minor with a resulting change of velocity of less than 1 MPH. The circular pattern of the black paint transfer on Plaintiffs' vehicle demonstrates the Plaintiffs' vehicle was traveling at the same speed as the other vehicle, which demonstrates Plaintiffs' vehicle did not apply the brakes and was not dragged after initial contact, contrary to Plaintiffs' assertions.

**7. SINGLE LISTING OF ALL UNCONTESTED MATERIAL FACTS:**

All material facts are contested in this matter.

**8. SINGLE LISTING OF CONTESTED ISSUES OF FACT**

a. Whether Sade Thomas conspired to, intentionally and/or negligently caused the accident or collision between the Plaintiffs' vehicle and the vehicle operated by Mr. Cook and/or she failed to be attentive, maintain a proper lookout and failed to see what she should have seen. Defendants will rely on Christopher Cook's testimony, Plaintiffs' testimony, expert opinion of Wayne Winkler, various certified police reports and pleadings, various statements from witnesses and cell phone records, in support of Sade Thomas fault and/or negligence.

b. Whether Plaintiffs, Richard Turner Derrick Thomas and Taminika Shawl conspired to, allowed and/or assisted Sade Thomas in striking the tractor/trailer operated by Christopher Cook, and/or they allowed Sade Thomas to be inattentive, maintain a proper lookout and failed to see what she should have seen. Defendants will rely on Christopher Cook's testimony, Plaintiffs' testimony, expert opinion of Wayne

8

Winkler, various certified police reports and pleadings, various statements from witnesses and cell phone records, in support of Sade Thomas fault and/or negligence.

b.   Whether Mr. Cook felt any impact consistent with a motor vehicle accident. Defendants will rely on Mr. Cook's testimony, photos of the tractor/trailer and testimony of Wayne Winkler.

c.    Whether there was property damage to the tractor/trailer operated by Mr. Cook. Defendants will rely on Mr. Cook's testimony and photos of the tractor/trailer.

d.   Whether Plaintiffs' testimony regarding how they met up or where they were going at the time of the alleged accident is contradictory.  Defendants will rely on Plaintiffs' testimony to challenge their credibility.

e.   The relevance of the alleged involvement of Plaintiffs' neighbors, relatives, and associates in disputed liability sideswipe type collisions. Plaintiffs had communication with some of them before the alleged accident. Plaintiffs were aware of other similar claims brought by or on behalf of their family members and associates involving disputed liability sideswipe type collisions with commercial vehicles. For example:

- Tiffany Turner and Adonte Turner, the mother and sister, respectively, of Richard Turner were also involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately two weeks before, on November 13, 2017;

- Juan Matthews, who was still married to Tiffany Turner in November, 2017, was also involved in an alleged sideswipe accident with multiple occupants at milepost 239 on Interstate 10 eastbound on July 23, 2017; and

9

- Rashad Turner, the son of Tiffany Turner and brother of Richard Turner, was involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately one week before, on November 20, 2017.

f. The relevance of cell phone records that purportedly demonstrate contact with Plaintiffs' family and associates who were involved in similar alleged side-swipe accidents with commercial vehicles.

g. Whether Plaintiffs suffered injuries in the alleged accident or were all injuries pre-existing. Defendants will rely on Plaintiffs' testimony, medical records and claims files from other insurers regarding other accidents.  Taminika Shawl was involved in previous auto accidents in 2001 or 2002; 2008; May 12, 2014; May 29, 2015; and June 12, 2016, and a slip and fall in August, 2017.  Derrick Thomas was involved in an auto accident in 2008 and 2017.

h. Plaintiffs were referred to New Orleans East Health Care Center by Plaintiffs' counsel.  Defendants will rely on Plaintiffs' testimony and medical records.

i. Whether Plaintiffs' alleged injuries were caused by superseding events. Defendants will rely on Plaintiffs' testimony, medical records and claims files from other insurers regarding other accidents.

j. Whether Derrick Thomas completed medical treatment for injuries allegedly sustained in the alleged accident on or about April 20, 2018.

k. Whether Derrick Thomas completed medical treatment for injuries allegedly sustained in the alleged accident on or about April 30, 2018.

l.  Whether Taminika Shawl completed medical treatment for injuries allegedly sustained in the alleged accident on or about April 11, 2018.

m.  Whether Defendant/Plaintiff-in-Counterclaim, Canal Insurance Company, has suffered damages to be shown at the trial of this matter, including but not limited to, expert fees and other litigation expenses in association with the investigation and defense of this action.  Defendants will submit litigation expenses and the expert costs associated with retention of Wayne Winkler and Dr. Curtis Partington.

n.  Whether Richard J. Turner incurred medical expenses, including prescription costs and/or Medicaid liens, for treatment associated with the injuries sustained as a result of the accident made subject of this litigation.

o.  Whether Taminika Shawl incurred medical expenses, including prescription costs and/or Medicaid liens, for treatment associated with the injuries sustained as a result of the accident made subject of this litigation.

p.  Whether Derrick Thomas incurred medical expenses, including prescription costs and/or Medicaid liens, for treatment associated with the injuries sustained as a result of the accident made subject of this litigation.

**9.  SINGLE LISTING OF THE CONTESTED ISSUES OF LAW:**

a.  All issues of law concerning the negligence and/or fault and/or intentional acts of Christopher C. Cook.

b.  All issues of law concerning the negligence and/or fault and/or intentional acts of Sade Thomas including, but not limited to: fraud, conspiracy, comparative fault.

    c.      All issues of law concerning the fault and/or intentional acts of Plaintiffs, Richard Turner, Derrick Thomas and/or Taminika Shawl, including, but not limited to: fraud, conspiracy, comparative fault.

**10.    LIST AND DESCRIPTION OF EXHIBITS INTENDED TO BE INTRODUCED AT TRIAL:**

**Joint Exhibits**

1. RT - NOEHCC 1-44;

2. RT - Ochsner Medical Center - Main 1-21;

4. RT - Franklin Avenue Pharmacy 1-3;

5. RT - H&W Drug Store 1-3;

7. TS - Magnolia Diagnostics 1-12 & CD;

8. TS - NOEHCC 1-155;

9. TS - Stand Up Open MRI Centers of LA 1-17 & CD;

13. DT- NOEHCC 1-46;

14. DT- Diagnostic Imaging Services 1-31 & CD;

15. DT- Southern Brain & Spine 1-36;

17. DT- H&W Drug Store 1-4;

19. Canal Insurance Company issued a policy to Texas Freight Services, Inc. DBA TFS of Georgia, policy number PIA08622001 (1-100) (record purposes only – not for jury; Pending Motion in Limine);

20. Police Report (1-7) (redacted consistent with Defendants pending Motion in Limine regarding improper opinion testimony, citation and causation);

28. Matt Bowers Nissan Estimate 1;

29. Property Damage Estimate and Photos 1-50;

56. Transcript and exhibits from deposition of Richard Turner (10.11.18) & Exhibits A-E 1-114 (Impeachment Purposes Only);

57. Transcript and exhibits from deposition of Taminika Shawl (10.11.18) & Exhibits A-E 1-121 (Impeachment Purposes Only);

58. Transcript and exhibits from deposition of Derrick Thomas (10.11.18) & Exhibits A-E 1-104 (Impeachment Purposes Only);

59. Transcript and exhibits from deposition of Sade Thomas (03.12.19) & Exhibits 1-3 1-79 (Impeachment Purposes Only);

**Plaintiffs' Exhibits:**

Plaintiffs intend to introduce any and all settlement documents between Sade Thomas and Defendants arising from the settlement of bodily injury claims relative to the accident made subject of this litigation.

Defendants' objections: Relevance; Rule 403; Rule 408; See Defendants' pending Motion in Limine.

**Defendants' Exhibits:**

1. RT - NOEHCC 1-44;

2. RT - Ochsner Medical Center - Main 1-21;

3. RT - Ochsner Medical Center - Main - Radiology 1-5 & CD;

4. RT - Franklin Avenue Pharmacy 1-3;

5. RT - H&W Drug Store 1-3;

6. TS - Dr. George Murphy 1-44;

7. TS - Magnolia Diagnostics 1-12 & CD;

13

8.  TS - NOEHCC 1-155;

9.  TS - Stand Up Open MRI Centers of LA 1-17 & CD;

10. TS - Affirmative Insurance (DOL 05.30.14) 1-13 (Impeachment and/or Refresh Witness Recollection Only);

11. TS - Affirmative Insurance (DOL 05.30.14) - Recorded Statement - Tamonika Shawl (Impeachment and/or Refresh Witness Recollection Only);

12. TS - Farmers Insurance 1-136 (Impeachment and/or Refresh Witness Recollection Only);

13. DT- NOEHCC 1-46;

14. DT- Diagnostic Imaging Services 1-31 & CD;

15. DT- Southern Brain & Spine 1-36;

16. DT- Tulane University Hospital & Clinic - Radiology 1-2 & CD;

17. DT- H&W Drug Store 1-4;

18.  Burger King Employment Records – "GPS Hospitality Partners, IV 1-40;"

19. Canal Insurance Company issued a policy to Texas Freight Services, Inc. DBA TFS of Georgia, policy number PIA08622001 (1-100) (record purposes only – not for jury; Pending MIL - does not go to jury);

20. Police Report (1-7) (redacted consistent with Defendants pending MIL regarding improper opinion testimony, citation and causation);

21. 911 audio;

22. 911 Incident Details Report (1-3);

23. Still shot images from Investigating Officer Body Camera Footage

24. Investigating Officer Body Camera Footage - 10 and Highrise (Impeachment and/or Refresh Witness Recollection Only);

25. Investigating Officer Body Camera Footage – I-10_W_At_High_Rise_Rtf_1_Cite (Impeachment and/or Refresh Witness Recollection Only);

26. Cook's Driver License 1;

27. Cook's Statement 1;

28. Matt Bowers Nissan Estimate 1;

29. Property Damage Estimate and Photos 1-50;

30. On Scene Photos 1-4;

31. Cell phone records identified as  "RT – Verizon 1-219";

32. Cell phone records identified as  "DT – T-Mobile 1-134";

33. Cell phone records identified as  – "TS – Verizon 1-168";

34. Sade Thomas Cell Records – (pending subpoena response) (Impeachment and/or Refresh Witness Recollection Only);

35. Petitions for the following accidents, # 1-86, bates labeled "Other Accidents 1-568":

36. Police reports for the following accidents, # 1-86, bates labeled "Other Accidents – Police Reports  1-567":

37. Redacted police reports for the following accidents, # 1-86, bates labeled "Other Accidents – Police Reports (Redacted) 1-567":

| # | Claimants | Date of Accident | Location of Accident |
|---|---|---|---|
| 1 | Cornelius Garrison, III | October 15, 2015 | I-10E @ I-510 |
| 18 | Ryan Harris, De'Angelo Adams, Tara Blunt, Fran Bell, Willard Perry, Shantrica Carraby, and Jerome Clark | March 29, 2017 | I-610W @ MP 239 |
| 40 | Aaronne Simmons, Teresa Jefferson, Juan Matthews, Deoushia Jefferson, James Hinton | July 23, 2017 | I-10E @ MP 239 |
| 43 | Harry Dorsey, Lesdreaka Dickson, | August 9, 2017 | I-610W @ MP 232 |

|     | Raymond Riley, Zounda Lee, Tasha Green, Eric Lewis, and Michael Ruffin |                   |                 |
| --- | --------------------------------------------------------------------- | ----------------- | --------------- |
| 67  | Dimitri Frazier, Adonte Turner, Tiffany Turner                        | November 13, 2017 | I-10E @ MP 246  |
| 69  | Rashad Turner, Jospeh Williams, Geoffrey Adams, Kenneth Allen         | November 20, 2017 | I-10E @ MP 246  |

38. Wayne Winkler's, Winkler & Associates, Traffic Accident Reconstruction, expert report History (Record Purposes Only / Refresh Witness Recollection);

39. Wayne Winkler's CV (Record Purposes Only / Refresh Witness Recollection);

40. Dr. Curtis Partington's, Independent Medical Reviews, expert report regarding Taminika Shawl History (Record Purposes Only / Refresh Witness Recollection);

41. Dr. Curtis Partington's, Independent Medical Reviews, expert report regarding Derrick Thomas History (Record Purposes Only / Refresh Witness Recollection);

42. Dr. Curtis Partington's CV(Record Purposes Only / Refresh Witness Recollection);

43. Video and Audio recording and transcription of Marlene Kennedy Statement dated April 20, 2018 (Impeachment and/or Refresh Witness Recollection Only);

44. Audio Recording and transcription of  Marlene Kennedy and Charlotte Jones Statement dated December 7, 2018 (Impeachment and/or Refresh Witness Recollection Only);

45. Kennedy and Jones text message exchange with Tracey Thompson

46. Photograph posted on September 26, 2016 by Tiffany Turner on one of her Facebook profiles and comments made by Marlene Kennedy on that photograph posting;

47. Audio Recording and transcription of Harry Dorsey Statement dated March 14, 2019 (Impeachment and/or Refresh Witness Recollection Only);

48. Audio Recording and transcription of Lesdreaka Dickson Statement dated March 14, 2019 (Impeachment and/or Refresh Witness Recollection Only);

49. Derrick Thomas' social media pages, postings, photos and friends list;

50. Richard Turner's social media pages, postings, photos and friends list;

16

51. Taminika Shawl's social media pages, postings, photos and friends list;

52. Ryan Harris' social media pages, postings and friends list;

53. Tiffany Turner's social media pages, postings and friends list;

54. TS - NO Criminal District Court Case No. 500-630 1-8;

55. RT - NO Criminal District Court Case No. 517-080 1-14;

56. Transcript and exhibits from deposition of Richard Turner(10.11.18) & Exhibits A-E 1-114 (Impeachment Purposes Only);

57. Transcript and exhibits from deposition of Tamonika Shawl (10.11.18) & Exhibits A-E 1-121 (Impeachment Purposes Only);

58. Transcript and exhibits from deposition of Thomas.Derrick (10.11.18) & Exhibits A-E 1-104 (Impeachment Purposes Only);

59. Transcript and exhibits from deposition of Sade Thomas (03.12.19) & Exhibits 1-3 1-79 (Impeachment Purposes Only);

60. Video, transcript and exhibits from deposition of Dr. Curtis Partington, April 23, 2019 (Trial Purposes);

61. Derrick Thomas's Resp to Texas Freight's DV (6.8.18) 1-25 (impeachment only);

62. Richard Turner's Resp to Texas Freight's DV (6.8.18) 1-27 (impeachment only);

63. Tamonika Shawl's Resp to Texas Freight's DV (6.8.18) 1-25(impeachment only);

64. DT- Tulane University Hospital & Clinic 1-267;

65. Geico Casualty Company regarding Plaintiffs, Taminika Shawl and Derrick Thomas involved in an accident that occurred on 2/15/17 – "DT Geico1-13" and  "TS – Geico 1-13" (Impeachment and/or Refresh Witness Recollection Only);

66. Affirmative Insurance Company regarding Plaintiffs, Taminika Shawl and Derrick Thomas involved in an accident that occurred on 5/30/14 – (pending subpoena response) (Impeachment and/or Refresh Witness Recollection Only) ;

67. Farmers Insurance Exchange regarding Plaintiff, Taminika Shawl involved in an accident that occurred on 5/12/14 – (pending subpoena response) (Impeachment and/or Refresh Witness Recollection Only) ;

**11.   DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE:**

Defendants will offer the video trial perpetuation deposition of Dr. Curtis Partington, in lieu of live testimony at trial.

**12.   CHARTS, GRAPHS, MODLELS, AND SCHEMATIC DIAGRAMS, AND SIMILAR OBJECTS TO BE USED IN OPENING STATEMENTS OR CLOSING ARGUMENTS**

<u>Defendants</u> will utilize the following as demonstrative aids:

1)   Interactive maps of the New Orleans area to show here the alleged accident at issue and other related accidents occurred; and

2)   Photos of the Interstate.

**13.   LIST OF WITNESSES FOR ALL PARTIES:**

**<u>Plaintiffs' Witnesses:</u>**

Plaintiffs' witness list was filed on March 12, 2019, in accordance with this Honorable Court's Scheduling Order.  *See* Rec. Doc. 17.

The following witnesses **<u>will</u>** be called at trial:

1.   Taminika Shawl

2.   Derrick Thomas

3.   Richard J. Turner

4.   Sade E. Thomas
     600 N. Rocheblave Street, Apt. F

18

New Orleans, Louisiana 70119

Ms. Thomas will offer testimony regarding the facts and circumstances leading up to and causing the accident made subject of this litigation.

## **Defendants' Witnesses**

Defendants' witness list was submitted on March 12, 2019, in accordance with this Honorable Court's Scheduling Order. *See* Rec. Doc. 47. Defendants also supplemented their witness list on April 16, 2019. *See* Rec. Doc. 83. Defendants certify that expert reports were provided to Plaintiffs' counsel on March 12, 2019.

The following witnesses <u>will</u> be called at trial, including:

1. Christopher C. Cook;

2. Wayne Winkler
   Winkler & Associates
   Traffic Accident Reconstruction
   PO Box 56101
   Metairie, LA  70055

3. Dr. Curtis Partington (via video deposition)
   Independent Medical Reviews
   17732 Highland Road, Ste. G, Box 145
   Baton Rouge, LA 70810

The following witnesses <u>may</u> be called at trial, including:

1. Sade E. Thomas;
   600 N. Rocheblave St., Apt. F
   New Orleans, LA
   Accident; Observations from accident scene, vehicles, and parties; injuries of all Plaintiffs; social media postings; social media friends; relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

2. Tiffany Turner
   2300 Severn Avenue Apt. L-102,
   Metairie, LA
   Injuries of all Plaintiffs; social media postings; social media friends; relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

19

3. Rashad Turner
   4667 Redwood Street
   New Orleans, LA 70127
   Injuries of all Plaintiffs; social media postings; social media friends; relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

4. Juan Matthews
   7900 Patricia Street
   Chalmette, LA 70043
   Injuries of all Plaintiffs; social media postings; social media friends; relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

5. Dimitri Frazier
   3221 Kabel Drive
   New Orleans, LA 70131
   Injuries of all Plaintiffs; social media postings; social media friends; relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

6. Ryan Harris
   12345 I-10 Service Road, Apt. 22
   New Orleans, LA 70128;
   Social media postings; social media friends, relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

7. Charlotte Jones
   3012 Packenham Dr.
   Chalmette, LA
   Social media postings; social media friends, relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

8. Marlene Kennedy
   4000 Rose Street, Apt. 3206
   Chalmette, LA 70043
   Social media postings; social media friends, relationships with people involved in similar accidents in New Orleans; communications with and/or contact with

Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

9. Harry Dorsey
   7528 St. Anthony Street
   Marrero, LA 70072
   Social media postings; social media friends, relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans; and

10. Lesdreaka Dickson
    4937 Oled Drive
    New Orleans, LA 70129
    Social media postings; social media friends, relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

11. Joe Schembre
    JS Investigations
    560 Oak Harbor Blvd., Ste. 201
    Slidell, LA 70458
    Investigation regarding common facts and direct connections to other similar accidents in New Orleans, LA.

## 14.   JURY TRIAL:

This case is a jury case.  All aspects of the case will be tried before a jury.

Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than **five working days** prior to the trial date, unless specific leave to the contrary is granted by the Court.

## 15.   LIABILITY/QUANTUM:

The issue of liability (will or will not) be tried separately from that of quantum.

## 16.   OTHER DISPOSITIVE ISSUES:

None at this time.

17.     **TRIAL SCHEDULE:**

The trial shall commence on June 3, 2019 at 9:00 a.m. and is expected to last four (4) days depending on evidentiary rulings.

This is the first time this matter has been set for trial.   No trial dates or times were previously assigned.

### 18.     CONFERENCE OF THE PARTIES/OPPORTUNITY TO REVIEW:

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order  will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19.     **POSSIBILITY OF SETTLEMENT:**

Possibility of settlement of this case was considered.   The parties do not believe a settlement can be reached and expect the trial to go forward as scheduled.

**20**.    **SIGNATURES**

EDWIN M. SHORTY, JR. & ASSOCIATES

*/s/ Nathan M. Chiantella*
_____
Edwin M. Shorty, Jr., #28241
Nathan M. Chiantella, #35450
650 Poydras Street, Suite 2515
New Orleans, LA 70130
Phone:  (504) 207-1370
Fax:  (504) 207-0850
Email: eshorty@eshortylawoffice.com
Email: nchiantella@eshortylawoffice.com

*And*

H.L. HARPER & ASSOCIATES, L.L.C.

*/s/ Hope L. Harper*
_____
Hope L. Harper, #33173
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (855) 880-4673
Fax: (504) 322-3807
Email: hharper@hlharperandassociates.com
ATTORNEYS FOR PLAINTIFFS,
*Richard J. Turner, Taminika Shaul and
Derrick Thomas*

PERRIER & LACOSTE, LLC

*/s/ Dustin L. Poché*
**GUY D. PERRIER**, #20323
**DUSTIN L. POCHÉ**, #33451
**MICHAEL W. ROBERTSON**, #31943
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820;
Fax:  (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
ATTORNEYS    FOR    DEFENDANTS,
*Christopher C. Cook and Canal Insurance
Company*
ATTORNEYS    FOR    PLAINTIFF-IN-
COUNTERCLAIM,
*Canal Insurance Company*

_____
**HONORABLE MARTIN L.C. FELDMAN**
**UNITED STATES DISTRICT COURT JUDGE**
**U.S.D.C. FOR EASTERN DISTRICT OF LOUISIANA**

Dated:    _____, 2019