## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RICHARD J. TURNER | * | CASE  NO:  18-cv-2851 |
| TAMINIKA SHAUL, | * | |
| AND DERRICK THOMAS | * | |
| | * | |
| VERSUS | * | JUDGE ELDON E. FALLON |
| | * | |
| CHRISTOPHER C. COOK, TEXAS | * | |
| FREIGHT SERVICES & CANAL | * | MAG. JUDGE JANIS vanMEERVELD |
| INSURANCE COMPANY | * | |
| | * | JURY TRIAL |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### PRE-TRIAL ORDER

1.   **PRE-TRIAL CONFERENCE:**

A pre-trial conference is scheduled before the Honorable Eldon E. Fallon on **Thursday,**

**April 20, 2023** at **8:30 a.m**.

2.   **APPEARANCE OF COUNSEL:**

Edwin M. Shorty, Jr., #28241
EDWIN M. SHORTY, JR. &
ASSOCIATES, APLC
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone:  (504) 207-1370
Fax:  (504) 207-0850
Email: eshorty@eshortylawoffice.com

*And*

Hope L. Harper, #33173
H.L. HARPER & ASSOCIATES, L.L.C.
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (855) 880-4673
Fax: (504) 322-3807
Email:
hharper@hlharperandassociates.com
ATTORNEYS FOR PLAINTIFFS,
*Richard J. Turner, Taminika Shaul and*
*Derrick Thomas*

Guy D. Perrier, #20323
Trent P. Roddy, #29404
PERRIER & LACOSTE, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820;
Fax:  (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: troddy@perrierlacoste.com
ATTORNEYS FOR DEFENDANTS,
*Christopher C. Cook and Canal*
*insurance Company*

**3.      DESCRIPTION OF PARTIES:**

Richard J. Turner is a Plaintiff in the principal action and a Defendant-in-Counterclaim. He is a person of the full age of majority and a resident of and domiciled in the State of Louisiana. Mr. Turner was a passenger in the Plaintiffs' vehicle at the time of the alleged accident.

Taminika Shawl is a Plaintiff in the principal action and a Defendant-in-Counterclaim.  She is a person of the full age of majority and a resident of and domiciled in the State of Louisiana. Ms. Shawl was a passenger in the Plaintiffs' vehicle at the time of the alleged accident.

Derrick Thomas is a Plaintiff in the principal action and a Defendant-in-Counterclaim.  He is a person of the full age of majority and a resident of and domiciled in the State of Louisiana. Mr. Thomas was a passenger in the Plaintiffs' vehicle at the time of the alleged accident.

Christopher C. Cook is a Defendant in the principal action.  He is a person of the full age of majority and a resident of and domiciled in the State of Georgia.  Mr. Cook was operating a vehicle owned by Texas Freight Services at the time of the alleged accident.

Canal Insurance Company is a Defendant in the principal action and a Plaintiff-in-Counterclaim.  Canal Insurance Company is a foreign insurer, incorporated in the State of South Carolina.  Canal Insurance Company issued a policy to Texas Freight Services, Inc. DBA TFS of Georgia, with policy number PIA08622001, which is the best evidence of the coverage afforded therein, as well as best evidence of the terms, conditions, policy coverage limits, and/or exclusions of said coverage.

Texas Freight Services is no longer a party.  All claims against Defendant, Texas Freight Services were dismissed without prejudice on July 11, 2018.  Rec. Doc. 14.

**4.      JURSIDICTION:**

This Court has diversity jurisdiction.  28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different states…."  This Court has supplemental jurisdiction over the Counterclaim under 28 U.S.C. § 1367(a).

As a result of the accident made subject of this litigation, Plaintiff Derrick Thomas is alleged to have sustained injuries to his cervical and lumbar spine, resulting in complaints of neck and low back pain.  Specifically, Mr. Thomas is alleged to have sustained the following injuries:

a.   Small disc bulge at C3-4, C4-5, and C5-6;

b.   Facet joint hypertrophy at C3-4, C4-5, and C5-6; and

c.   Facet joint hypertrophy at L5-S1, L4-5, L3-4, and L2-3 as well as mild disc bulging.

Plaintiffs aver the damages sustained by Mr. Thomas satisfy the jurisdictional amount for diversity. In support of this assertion, Plaintiffs submit the following for consideration:  In *Hoyt v. Gray Ins. Co.*, 2000-2517 (La. App. 4 Cir. 1/31/02), 809 So.2d 1076, a female automobile passenger was awarded $150,000.00 after suffering a lumbar disc bulge at L5-S1.  In *Day v. Ouachita Parish School Bd.*, 35,831 (La. App. 2 Cir. 08/08/02), 823 So.2d 1039, the plaintiff was awarded $245,000.00 after sustaining a herniated lumbar disc. In *Strother v. Continental Casualty Ins. Co.*, 2005-1094 (La. App. 3 Cir. 11/22/06), 944 So.2d 774, the plaintiff was awarded $144,000.00 for a lumbar disc protrusion.  In *Fox vs. Anderson*, 2005-934 (La. App. 3 Cir. 03/01/06), 924 So.2d 399, the plaintiff was awarded $175,000.00 for suffering herniated cervical & lumbar discs. In *Mullican v. Transamerica Ins. Group*, 2000-0105 (La. App. 3 Cir. 11/02/00), a woman was

awarded $85,000.00 in a slip in fall accident. She suffered from a mild protruding disc at L5-S1 with pre-existing foraminal stenosis.

- <u>Plaintiffs' Summary of Factual Basis and Legal Basis</u>:

Plaintiffs were involved in a motor vehicle accident on November 29, 2017 in New Orleans, Louisiana.  At the time of said accident, Plaintiffs were the properly restrained passengers of a 2009 Nissan Murano traveling westbound in the center lane of traffic on Interstate 10 on the High-Rise in New Orleans, Louisiana.  Suddenly and without warning, Plaintiffs' vehicle was struck by 2016 Freightliner Semi-Truck driven by Defendant Christopher C. Cook ("Mr. Cook"). Mr. Cook was traveling westbound in the right lane on Interstate 10 on the High-Rise in New Orleans, Louisiana when he changed to the middle lane suddenly and without checking to see if the lane was clear causing the aforesaid collision.  The New Orleans Police Department responded to the scene and Mr. Cook was cited for 'improper lane usage' in violation of Louisiana law.  As a result of the aforementioned collision, Plaintiffs sustained severe and serious bodily injuries. Defendants are liable unto Plaintiffs for the damages sustained as a result of the aforementioned collision pursuant to Louisiana Civil Code article 2315.

- <u>Defendants' Summary of Factual Basis and Legal Basis</u>:

To the extent that Plaintiffs have damages and/or injuries caused by the subject accident, which is denied, then all of Plaintiffs' alleged damages and/or injuries were proximately caused solely and entirely by the fault and/or negligence and/or intentional acts of Sade Thomas, and/or Plaintiffs, Richard Turner, Derrick Thomas, and Taminika Shawl.  Defendants also maintain that they had no responsibility or liability for the damages complained of, and the alleged accident occurred under circumstances over which they were not required to exercise control. Defendants further submit that Plaintiffs were not injured as a result of the accident and/or the alleged injuries

4

were pre-existing. In the event the finder of fact believes Plaintiffs were injured in the accident made the basis of this litigation, Plaintiffs failed to mitigate their damages.

**5.   PENDING MOTIONS:**

    a.   Defendants' Motion in Limine to Exclude Portions of Accident Report, Exclude Traffic Citation, and Limit Testimony of Officer Colin Eskine filed on 3/28/2023 (Rec. Doc. 126)

    b.   Defendants' Motion in Limine to Exclude Evidence and Testimony of Kwevin Martinez, MD filed on 3/28/2023 (Rec. Doc. 127)

    c.   Plaintiffs' Motion in Limine to Exclude the Testimony of Lance E. Watson, Wayne D. Winkler, and Dr. Curtis R. Partington filed on 3/28/2023 (Rec. Doc. 128)

    d.   Plaintiffs' Motion in Limine filed on 03/28/2023 (Rec. Doc. 129)

**6.   BRIEF SUMMARY OF MATERIAL FACTS CLAIMED:**

**a. Plaintiff:**

This lawsuit arises out of a motor vehicle accident on November 27, 2017, between an 18-wheeler, tractor trailer owned by Texas Freight Services and being operated by Christopher C. Cook and a 2009 Nissan Murano operated by Sade Thomas with guest passengers Richard J. Turner, Taminika Shaul, and Derrick Thomas.  Defendant Cook struck the passenger side of Plaintiffs' vehicle when he changed from the right lane of travel to the middle lane of travel.  As a result of said collision, Plaintiffs sustained bodily injuries.

**b. Defendants:**

Defendant, Christopher Cook, is a truck driver for Texas Freight Services, Inc.  On November 29, 2017, Mr. Cook was driving a tractor-trailer eastbound on I-10 in New Orleans on

5

his way to make a delivery in Metairie.   Sometime around 8:30PM and 8:45PM, another vehicle drove beside him and attempted to get him to pull over to the side of the road.  Mr. Cook called 911 at about 8:46PM and reported that another vehicle was attempting to force him to pull over. During all relevant times, Christopher Cook was driving straight in his own lane of travel and not attempting a lane change.   Mr. Cook did not cause an accident with the Plaintiff vehicle, a 2009 Nissan Murano.  Plaintiffs chased him down on I-10 and to I-610 into I-10 in Metairie, where they got him to pull over.  Plaintiffs allege that Mr. Cook changed lanes to his left and hit the passenger side of the 2009 Nissan Murano in which they were riding.  Mr. Cook did not change lanes and hit the Plaintiff vehicle.   Defendants are convinced that the evidence shows that the Plaintiffs staged the alleged accident.

Plaintiffs allege that the 2009 Nissan Murano, which was owned by Latoya Thomas, was operated by Sade Thomas with guest passengers Richard J. Turner, Taminika Shaul, and Derrick Thomas.  Plaintiffs allege that they were side-swiped by Mr. Cook's commercial vehicle.  Mr. Cook denies striking the Plaintiffs' vehicle.  Mr. Cook did not feel any impact consistent with a motor vehicle accident occurring, and there was no damage to his tractor-trailer.

Defendants contend that Sade Thomas and/or Plaintiffs negligently or intentionally caused and/or staged the alleged accident. Defendants' accident reconstruction expert, Wayne Winkler, concluded, based on the damage profile to the involved vehicles, that there was only minor contact between the vehicles.  The uniform semi-circular pattern of the black transfers on the Thomas vehicle indicates the vehicles were traveling at the same speed when contact was made.  There was no evidence that Ms. Thomas applied her vehicles brakes before or after the contact occurred, as would be expected if Cook had changed lanes into the Plaintiff vehicle.   Winkler also opines that the Plaintiffs would have experienced very little lateral acceleration forces, only about half of what

6

would be experienced by occupants of a vehicle that is engaged in a hard-breaking maneuver and no more side-to-side movement within the vehicle than normal driving maneuvers. The low force would not likely have resulted in jostling within the vehicle that the Plaintiffs describe in their testimony. The totality of the evidence is consistent with the Plaintiffs' vehicle hitting Mr. Cook's trailer with a controlled, minor impact with the vehicles traveling at the same speed or the Plaintiffs' vehicle traveling faster than Cook's tractor trailer. In other words, the physical evidence is consistent with Plaintiffs' staging the accident with Cooks' tactor-trailer.

Plaintiff Richard Turner's immediate family members were suspiciously involved in very similar accidents with tractor-trailers vehicles following the same pattern of facts as the subject accident and within a short proximity to the subject accident. More specifically:

- Tiffany Turner and Adonte Turner, the mother and sister, respectively, of Richard Turner were also involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately two weeks before, on November 13, 2017;

- Juan Matthews, who was still married to Tiffany Turner in November, 2017, was also involved in an alleged sideswipe accident with multiple occupants at milepost 239 on Interstate 10 eastbound on July 23, 2017; and

- Rashad Turner, the son of Tiffany Turner and brother of Richard Turner, was involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately one week before, on November 20, 2017.

Defendants submit that Plaintiffs were not injured in the alleged accident made the basis of this litigation. If any injury did occur, Defendants submit that Plaintiffs injuries would be classified as soft tissue injuries, and Plaintiffs failed to mitigate their damages.

Canal Insurance Company also filed a Counterclaim and affirmative defenses asserting Plaintiffs presented fraudulent claims and conspired together to cause and/or stage this accident. Defendants have uncovered evidence of numerous other accidents with similar factual scenarios to the alleged accident herein, including the above referenced alleged side swipe 18-wheeler accidents involving Richard Turner's family members. Phone records connect the Plaintiffs herein with individuals involved in other suspicious accidents. Witnesses will testify regarding their knowledge of staged accidents and Plaintiffs' connections to individuals involved in staged accidents.

Dr. Partington reviewed Ms. Shawl's February 21, 2018 cervical spine MRI which revealed degenerative changes present for at least a year and could not be related to the accident. Ms. Shawl's March 7, 2018 lumbar spine MRI also revealed degenerative changes and a small disc herniation without any impingement that Mr. Partington could not say how long it was present, which could have been caused by other incidents. Dr. Partington also reviewed Mr. Thomas' March 15, 2018 cervical spine MRI revealing one minimal disc bulge with surrounding spurs, and his lumbar spine MRI revealed two disc bulges with surrounding spurs. Due to the degenerative changes, Dr. Partington did not believe Mr. Thomas' minimal disc bulging was related to this accident.

Finally, Wayne Winkler, an expert accident reconstructionist, opined that the alleged contact sustained by Plaintiffs was very minor with a resulting change of velocity of less than 1 MPH. The circular pattern of the black paint transfer on Plaintiffs' vehicle demonstrates the Plaintiffs' vehicle was traveling at the same speed as the other vehicle, which demonstrates Plaintiffs' vehicle did not apply the brakes and was not dragged after initial contact, contrary to Plaintiffs' assertions.

8

7.      **SINGLE LISTING OF ALL UNCONTESTED MATERIAL FACTS:**

The Parties have discussed and arrived at an agreement on the following issues of fact and evidence:

1.  The Parties stipulate that all certified records are authentic.

2.  The Parties agree that the Burger King Employment Records of Richard Turner "GPS Hospitality Partners, IV 1-40" are authentic and admissible as evidence.

3.  The Parties stipulate to the authenticity of the 911 Incident Details Report and 911 Audio Recordings.

4.  The Parties stipulate to the authenticity of the NOPD Investigating Officer's Body Worn Video footage.

5.  The Parties stipulate to the admissibility of the Driver's License and written statement of Christopher Cook.

6.  The Parties stipulate to the authenticity of the Police Reports and Petitions for Damages in Defendants' Exhibit List, Defense Exhibits 35 and 36.

7.  Subject to the issues raised in Plaintiffs' Motion in Limine regarding same, the Parties stipulate to the authenticity of the criminal records of Taminika Shaul and Richard Turner, Defense Exhibits 50 and 51.

8.  It is agreed by the Parties that the following are cell phones numbers used by the referenced person at the times relevant to the subject accident:

    a.  Richard Turner - 504-418-6087

    b.  Taminika Shaul – 504-610-2114

    c.  Derrick Thomas – 504-578-4535 & 504-205-0852

    d.  Sade Thomas – 504-206-5725

e.  Latoya Thomas – 337-251-3795

f.  Tiffany Turner – 504-535-8171

g.  Dimitri Frazier - 504-428-8185

h.  Adonte Turner – 504-205-6241

i.  Raymond Riley – 512-804-8233

j.  Ryan Harris – 504-320-7988

k.  Cornelius Garrison 504-564-2011

9.  Plaintiffs agree that no evidence or testimony is admissible that Canal Insurance Company or any other defendants settled the claims of Sade Thomas.

## 8.   SINGLE LISTING OF CONTESTED ISSUES OF FACT

a. Whether Sade Thomas conspired to, intentionally and/or negligently caused the accident or collision between the Plaintiffs' vehicle and the vehicle operated by Mr. Cook and/or she failed to be attentive, maintain a proper lookout and failed to see what she should have seen.   Defendants will rely on Christopher Cook's testimony, Plaintiffs' testimony, expert opinion of Wayne Winkler, various certified police reports and pleadings, various statements from witnesses and cell phone records, in support of Sade Thomas fault and/or negligence.

b.  Whether Plaintiffs, Richard Turner Derrick Thomas and Taminika Shawl conspired to, allowed and/or assisted Sade Thomas in striking the tractor/trailer operated by Christopher Cook, and/or they allowed Sade Thomas to be inattentive, maintain a proper lookout and failed to see what she should have seen. Defendants will rely on Christopher Cook's testimony, Plaintiffs' testimony, expert opinion of Wayne Winkler,

10

various certified police reports and pleadings, various statements from witnesses and cell phone records, in support of Sade Thomas fault and/or negligence.

b.  Whether Mr. Cook felt any impact consistent with a motor vehicle accident. Defendants will rely on Mr. Cook's testimony, photos of the tractor/trailer and testimony of Wayne Winkler.

c.   Whether there was property damage to the tractor/trailer operated by Mr. Cook. Defendants will rely on Mr. Cook's testimony and photos of the tractor/trailer.

d.  Whether Plaintiffs' testimony regarding how they met up or where they were going at the time of the alleged accident is contradictory.  Defendants will rely on Plaintiffs' testimony to challenge their credibility.

e.  The relevance of the alleged involvement of Plaintiffs' neighbors, relatives, and associates in disputed liability sideswipe type collisions. Plaintiffs had communication with some of them before the alleged accident. Plaintiffs were aware of other similar claims brought by or on behalf of their family members and associates involving disputed liability sideswipe type collisions with commercial vehicles. For example:

- Tiffany Turner and Adonte Turner, the mother and sister, respectively, of Richard Turner were also involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately two weeks before, on November 13, 2017;

- Juan Matthews, who was still married to Tiffany Turner in November, 2017, was also involved in an alleged sideswipe accident with multiple occupants at milepost 239 on Interstate 10 eastbound on July 23, 2017; and

11

- Rashad Turner, the son of Tiffany Turner and brother of Richard Turner, was involved in an alleged sideswipe accident with multiple occupants at milepost 246 on Interstate 10 eastbound approximately one week before, on November 20, 2017.

f.   The relevance of cell phone records that purportedly demonstrate contact with Plaintiffs' family and associates who were involved in similar alleged side-swipe accidents with commercial vehicles.

g.   Whether Plaintiffs suffered injuries in the alleged accident or were all injuries pre-existing. Defendants will rely on Plaintiffs' testimony, medical records and claims files from other insurers regarding other accidents.   Taminika Shawl was involved in previous auto accidents in 2001 or 2002; 2008; May 12, 2014; May 29, 2015; and June 12, 2016, and a slip and fall in August 2017.  Derrick Thomas was involved in an auto accident in 2008 and 2017.

h.   Plaintiffs were referred to New Orleans East Health Care Center by Plaintiffs' counsel. Defendants will rely on Plaintiffs' testimony and medical records.

i.   Whether Plaintiffs' alleged injuries were caused by superseding events. Defendants will rely on Plaintiffs' testimony, medical records and claims files from other insurers regarding other accidents.

j.   Whether Derrick Thomas completed medical treatment for injuries allegedly sustained in the alleged accident on or about April 20, 2018.

k.   Whether Derrick Thomas completed medical treatment for injuries allegedly sustained in the alleged accident on or about April 30, 2018.

l.   Whether Taminika Shawl completed medical treatment for injuries allegedly sustained in the alleged accident on or about April 11, 2018.

m.  Whether Defendant/Plaintiff-in-Counterclaim, Canal Insurance Company, has suffered damages to be shown at the trial of this matter, including but not limited to, expert fees and other litigation expenses in association with the investigation and defense of this action.  Defendants will submit litigation expenses and the expert costs associated with retention of Wayne Winkler, Dr. Curtis Partington, and Lance Watson.

n.  Whether Richard J. Turner incurred medical expenses, including prescription costs and/or Medicaid liens, for treatment associated with the injuries sustained as a result of the accident made subject of this litigation.

o.  Whether Taminika Shawl incurred medical expenses, including prescription costs and/or Medicaid liens, for treatment associated with the injuries sustained as a result of the accident made subject of this litigation.

p.  Whether Derrick Thomas incurred medical expenses, including prescription costs and/or Medicaid liens, for treatment associated with the injuries sustained as a result of the accident made subject of this litigation.

9.  **SINGLE LISTING OF THE CONTESTED ISSUES OF LAW:**

a.  All issues of law concerning the negligence and/or fault and/or intentional acts of Christopher C. Cook.

b.  All issues of law concerning the negligence and/or fault and/or intentional acts of Sade Thomas including, but not limited to: fraud, conspiracy, comparative fault.

c.  All issues of law concerning the fault and/or intentional acts of Plaintiffs, Richard Turner, Derrick Thomas and/or Taminika Shawl, including, but not limited to: fraud, conspiracy, comparative fault.

10.    **LIST   AND    DESCRIPTION    OF   EXHIBITS   INTENDED   TO   BE INTRODUCED AT TRIAL:**

**<u>Joint Exhibits</u>**

1.  RT - NOEHCC 1-44;

2.  RT - Ochsner Medical Center - Main 1-21;

3.  RT - Ochsner Medical Center - Main - Radiology 1-5 & CD;

4.  RT - Franklin Avenue Pharmacy 1-3;

5.  RT - H&W Drug Store 1-3;

6.  TS - Dr. George Murphy 1-44;

7.  TS - Magnolia Diagnostics 1-12 & CD;

8.  TS - NOEHCC 1-155;

9.  TS - Stand Up Open MRI Centers of LA 1-17 & CD;

10. DT- NOEHCC 1-46;

11. DT- Diagnostic Imaging Services 1-31 & CD;

12. DT- Southern Brain & Spine 1-36;

13. DT- Tulane University Hospital & Clinic 1-267

14. DT- Tulane University Hospital & Clinic - Radiology 1-2 & CD;

15. DT- H&W Drug Store 1-4;

16. Canal Insurance Company issued a policy to Texas Freight Services, Inc. DBA TFS of Georgia, policy number PIA08622001 (1-100) (record purposes only – not for jury; Pending Motion in Limine);

17. Police Report (1-7) (redacted consistent with Defendants pending Motion in Limine regarding improper opinion testimony, citation and causation);

18. Matt Bowers Nissan Estimate 1;

19. Property Damage Estimate and Photos 1-50;

20. On Scene Photos taken by Christopher Cook 1-4;

21. Cell phone records identified as "RT – Verizon 1-219";

22. Cell phone records identified as "DT – T-Mobile 1-134";

23. Cell phone records identified as "TS – Verizon 1-168";

24. Transcript and exhibits from deposition of Richard Turner (10.11.18) & Exhibits A-E 1-114 (Impeachment Purposes Only);

25. Transcript and exhibits from deposition of Taminika Shawl (10.11.18) & Exhibits A-E 1-121 (Impeachment Purposes Only);

26. Transcript and exhibits from deposition of Derrick Thomas (10.11.18) & Exhibits A-E 1-104 (Impeachment Purposes Only);

27. Transcript and exhibits from deposition of Sade Thomas (03.12.19) & Exhibits 1-3 1-79 (Impeachment Purposes Only);

**Plaintiffs' Exhibits:**

Plaintiffs' Exhibits are the Joint Exhibits, above.

**Defendants' Exhibits:**

1. RT - NOEHCC 1-44; (Joint)

2. RT - Ochsner Medical Center - Main 1-21; (Joint)

3. RT - Ochsner Medical Center - Main - Radiology 1-5 & CD; (Joint)

4. RT - Franklin Avenue Pharmacy 1-3; (Joint)

5.  RT - H&W Drug Store 1-3; (Joint)

6.  TS - Dr. George Murphy 1-44; (Joint)

7.  TS - Magnolia Diagnostics 1-12 & CD; (Joint)

8.  TS - NOEHCC 1-155; (Joint)

9.  TS - Stand Up Open MRI Centers of LA 1-17 & CD; (Joint)

10. TS - Affirmative Insurance (DOL 05.30.14) 1-13; (Stipulation to Authenticity)

11. TS - Affirmative Insurance (DOL 05.30.14) - Recorded Statement - Tamonika Shawl;
    (Stipulation to Authenticity)

12. TS - Farmers Insurance 1-136; (Stipulation to Authenticity)

13. DT- NOEHCC 1-46; (Joint)

14. DT- Diagnostic Imaging Services 1-31 & CD; (Joint)

15. DT- Southern Brain & Spine 1-36; (Joint)

16. DT- Tulane University Hospital & Clinic 1-267 (Joint)

17. DT- Tulane University Hospital & Clinic - Radiology 1-2 & CD; (Joint)

18. DT- H&W Drug Store 1-4; (Joint)

19. Canal Insurance Company issued a policy to Texas Freight Services, Inc. DBA TFS
    of Georgia, policy number PIA08622001 (1-100) (record purposes only – not for
    jury; Pending MIL - does not go to jury); (Joint)

20. Police Report (1-7) (redacted consistent with Defendants pending MIL regarding
    improper opinion testimony, citation and causation); (Joint)

21. Burger King Employment Records – "GPS Hospitality Partners, IV 1-40;"
    (Stipulation to Authenticity and Admissibility)

22. 911 Incident Details Report 1-3; (Stipulation to Authenticity)

23. 911 audio recording of Christopher Cook with Louisiana State Police (Stipulation to Authenticity)

24. 911 audio recording of Christopher Cook with Jefferson Parish (Stipulation to Authenticity)

25. Still shot images from Investigating Officer Body Camera Footage (Stipulation to Authenticity)

26. Statement of Christopher Cook in Investigating Officer Body Camera Footage (Stipulation to Authenticity)

27. Cook's Driver License 1; (Stipulation to Authenticity and Admissibility)

28. Cook's Statement 1; (Stipulation to Authenticity and Admissibility)

29. Matt Bowers Nissan Estimate 1; (Joint)

30. Property Damage Estimate and Photos 1-50; (Joint)

31. On Scene Photos taken by Christopher Cook 1-4; (Joint)

32. Cell phone records identified as "RT – Verizon 1-219"; (Joint)

33. Cell phone records identified as "DT – T-Mobile 1-134"; (Joint)

34. Cell phone records identified as "TS – Verizon 1-168"; (Joint)

35-1.   Police Report for Tiffany Turner 11/13/17; I-10E @ MP 246 1-7; (Stipulation to Authenticity)

35-2.   Police Report for Rashad Turner 11/20/17; I-10E @ MP 246 1-7; (Stipulation to Authenticity)

35-3.   Police Report for Juan Matthews 07/23/17; I-10E @ MP 239 1-8; (Stipulation to Authenticity)

35-4.   Police Report for Raymond Riley 08/09/17; I-610W @ MP 232 1-10; (Stipulation to Authenticity)

35-5.   Police Report for Ryan Harris 03/29/17; I-610W @ MP 239 1-7; (Stipulation to Authenticity)

35-6.   Police Report for Cornelius Garrison III 10/15/15; I-10E @ I-510 1-7; (Stipulation to Authenticity)

35-7.   Police Report for Darnell & Selita Harris 01/17/16 1-8; (Stipulation to Authenticity)

35-8.   Police Report for Evelina Harris 04/10/17 1-7; (Stipulation to Authenticity)

35-9.   Police Report for Daniel Harris 04/12/17 1-7; (Stipulation to Authenticity)

35-10.   Police Report for Shirley Harris 04/24/17 1-7; (Stipulation to Authenticity)

35-11.   Police Report for Jasmine Howard & Reynard Nobles 06/27/17 1-7; (Stipulation to Authenticity)

35-12.   Police Report for Tracy Harris 09/04/17 1-7; (Stipulation to Authenticity)

35-13.   Police Report for Roshawn Nobles 10/01/17 1-7; (Stipulation to Authenticity)

35-14.   Police Report for Marlo Ard 04/18/17 1-7; (Stipulation to Authenticity)

36-1.   Complaint of Tiffany Turner 1-6; (Stipulation to Authenticity)

36-2.   Petition of Rashad Turner 1-7; (Stipulation to Authenticity)

36-3.   Petition of Juan Matthews 1-6; (Stipulation to Authenticity)

36-4.   Petition of Raymond Riley 1-3; (Stipulation to Authenticity)

36-5.   Petition of Ryan Harris 1-3; (Stipulation to Authenticity)

36-6.   Petition of Cornelius Garrison 1-5; (Stipulation to Authenticity)

36-7.   Petition of Darnell & Selita Harris 1-5; (Stipulation to Authenticity)

36-8.   Complaint of Evelina Harris 1-5; (Stipulation to Authenticity)

36-9.   Complaint of Daniel Harris 1-7; (Stipulation to Authenticity)

36-10.   Petition of Shirley Harris 1-7; (Stipulation to Authenticity)

36-11.   Petition of Jasmine Howard & Reynard Nobles 1-4; (Stipulation to Authenticity)

36-12.   Complaint of Tracy Harris 1-11; (Stipulation to Authenticity)

36-13.   Petition of Roshawn Nobles 1-5; (Stipulation to Authenticity)

36-14.   Petition of Marlo Ard 1-3; (Stipulation to Authenticity)

37. Wayne Winkler's, Winkler & Associates, Traffic Accident Reconstruction, expert

report & Google Map 1-610 Radius 1-12;

38. Wayne Winkler's CV (Record Purposes Only/Refresh Witness Recollection) 1-4;

39. Dr. Curtis Partington, Independent Medical Reviews, expert report regarding Taminika Shawl History (Record Purposes Only / Refresh Witness Recollection) 1-2;

40. Dr. Curtis Partington, Independent Medical Reviews, expert report regarding Derrick Thomas History (Record Purposes Only / Refresh Witness Recollection) 1-2;

41. Dr. Curtis Partington CV (Record Purposes Only/Refresh Witness Recollection) 1-11;

42-1.   Transcript and exhibits from deposition of Dr. Curtis Partington, 04/23/19 (Trial Purposes) 1-76;

42-2.   Video from deposition of Dr. Curtis Partington, 04/23/19 (Trial Purposes);

43. Audio Recording of Marlene Kennedy Statement dated December 7, 2018 (Impeachment and/or Refresh Witness Recollection Only);

44-1.   Transcript of Audio Statement of Charlotte Jones & Marlene Kennedy 1-106;

44-2.   Audio Recording of Marlene Kennedy and Charlotte Jones Interview

45. Tiffany Turner social media posting 1;

46. Audio Recording of Harry Dorsey Statement dated March 14, 2019 (Impeachment and/or Refresh Witness Recollection Only);

47-1.   Audio Recording of Lesdreaka Dickson Statement, Part 1, dated March 14, 2019 (Impeachment and/or Refresh Witness Recollection Only);

47-2.   Audio Recording of Lesdreaka Dickson Statement, Part 2, dated March 14, 2019 (Impeachment and/or Refresh Witness Recollection Only);

48. Ryan Harris' social media pages, postings and friends list 1-488;

49. Tiffany Turner's social media pages, postings and friends list 1-206;

50. TS - NO Criminal District Court Case No. 500-630 1-8;

51. RT - NO Criminal District Court Case No. 517-080 1-14;

52. Transcript and exhibits from deposition of Richard Turner(10.11.18) & Exhibits A-E 1-114 (Impeachment Purposes Only);

53. Transcript and exhibits from deposition of Tamonika Shawl (10.11.18) & Exhibits A-E 1-121 (Impeachment Purposes Only;

54. Transcript and exhibits from deposition of Derrick Thomas (10.11.18) & Exhibits A-E 1-104 (Impeachment Purposes Only;

55. Transcript and exhibits from deposition of Sade Thomas (03.12.19) & Exhibits 1-3 1-79 (Impeachment Purposes Only);

56. Derrick Thomas's Resp to Texas Freight's DV (6.8.18) 1-25 (impeachment only);

57. Richard Turner's Resp to Texas Freight's DV (6.8.18) 1-27 (impeachment only);

58. Tamonika Shawl's Resp to Texas Freight's DV (6.8.18) 1-25(impeachment only);

59. Geico Casualty Company regarding Derrick Thomas involving accident that occurred on 2/15/17; 1-13; (Stipulation to Authenticity)

60. Geico Casualty Company regarding Taminika Shawl involving accident that occurred on 02/15/17; 1-13; (Stipulation to Authenticity)

61. Expert report of Lance Watson of Avansic, Inc. 1-8;

62. CV of Lance Watson of Avansic, Inc. 1-2;

63. Hotard and Dill Firm Responses to SDT 1-117; (Stipulation to Authenticity)

64. T-Mobile/Metro PCS cell phone records of Cornelius Garrison, III 1-54;

65.  T-Mobile/Metro PCS cell phone records of Cornelius Garrison, III from plaintiff's SDT Request 1-111;

66. T-Mobile/Metro PCS cell phone records of Ryan Harris 1-148; (Stipulation to Authenticity)

67. Sprint cell phone records of Tiffany Turner 1-161; (Stipulation to Authenticity)

68. Sprint cell phone records of Raymond Riley 1-165; (Stipulation to Authenticity)

69. Tiffany Turner Affidavit 1-2; (Stipulation to Authenticity)

70. Adonte Turner Affidavit 1-2; (Stipulation to Authenticity)

71. Dimitri Frazier Affidavit 1-2; (Stipulation to Authenticity)

72. Transcript from deposition of Jasmine Howard (10/20/22) 1-58;

73. Transcript from deposition of Jasmine Howard (10/20/22) 1-85;

74. Transcript from deposition of Shirley Harris (10/18/18) 1-47;

75. Transcript from deposition of Cornelius Garrison, III (02/18/20) 1-29;

76. Transcript and exhibits from deposition of Charlette Jones (06/05/19) & Exhibits 1-5; 1-33;

77. Indictment of Cornelius Garrison of September 18, 2020 1-22;

78. Factual Basis as to Chandrika Brown in United States v. Cornelius Garrison, et al., EDLA No. 20-92; 1-6;

79. Factual Basis as to Doniesha Gibson in United States v. Cornelius Garrison, et al., EDLA No. 20-92; 1-6;

80. Factual Basis as to Erika Lee Thompson in United States v. Cornelius Garrison, et al., EDLA No. 20-92; 1-6;

81. Factual Basis as to Ishais Price in United States v. Cornelius Garrison, et al., EDLA No. 20-92; 1-6;

82. Jasmine Howard conviction and guilty plea to insurance fraud and criminal mischief in Orleans Criminal District Court of 11/19/19 1-18;

83. Louisiana State Police Bureau of Investigation Criminal Investigations Division Insurance Fraud report by Investigator Nicholas J. O'Connor, Jr.; LSP- Case# 18-9668; 1-116;

84. Obituary of Raymond "Top" Riley 1-2;

85. Transcript and exhibits from deposition of Tiffany Turner (06/11/18) & Exhibit 1; 1-99;

86. Transcript from deposition of Adonte Turner (08/21/18) 1-66;

87. Transcript and exhibits from deposition of Dimitri Frazier (06/11/18) & Exhibits 1-4; 1-69

88. Transcript and exhibits from deposition of Juan Matthews (10/03/19) & Exhibits A-G; 1-116;

89. Transcript from deposition of Dr. James Mulvey (04/22/19) (Impeachment Purposes Only) 1-61;

## 11.   DEPOSITION TESTIMONY TO BE OFFERED INTO EVIDENCE:

Defendants will offer the video trial perpetuation deposition of Dr. Curtis Partington, in lieu of live testimony at trial. Defendants may offer into evidence Deposition testimony of Tiffany Turner, Adonte Turner, Dimitri Frazier, Juan Matthews, Charlotte Jones, and Cornelius Garrison.

## 12.   CHARTS, GRAPHS, MODELS, AND SCHEMATIC DIAGRAMS, AND SIMILAR OBJECTS TO BE USED IN OPENING STATEMENTS OR CLOSING ARGUMENTS

Defendants intend to present the following as demonstrative aids:

1)   Maps of the New Orleans area to show here the alleged accident at issue and other related accidents occurred; and

2)   Photos of the Interstate.

3)   Chart showing relationship of Richard Turner to Turner Family

4)   Chart showing the relationship of Tiffany Turner, Raymond Riley, Ryan Harris, and Cornelius Garrison, III by cell phone communications

5)   Chart summarizing relevant cell phone communications of the Parties

## 13.   LIST OF WITNESSES FOR ALL PARTIES:

**Plaintiffs' Witnesses:**

22

Plaintiffs' witness list was filed on November 7, 2022, in accordance with this Honorable Court's Scheduling Order.  *See* Rec. Doc. 114.

The following witnesses **will** be called at trial:

1.  Taminika Shawl

2.  Derrick Thomas

3.  Richard J. Turner

4.  James Mulvey, M.D., The Healthcare Center

5.  Sade E. Thomas
    600 N. Rocheblave Street, Apt. F
    New Orleans, Louisiana 70119

Ms. Thomas will offer testimony regarding the facts and circumstances leading up to and causing the accident made subject of this litigation.

**Defendants' Witnesses**

Defendants' witness list was submitted on November 7, 2022, in accordance with this Honorable Court's Scheduling Order. *See* Rec. Doc. 115. Defendants certify that expert reports were provided to Plaintiffs' counsel.

The following witnesses will be called at trial, including:

1.  Christopher C. Cook;

2.  Wayne Winkler
    Winkler & Associates
    Traffic Accident Reconstruction
    PO Box 56101
    Metairie, LA  70055

3.  Dr. Curtis Partington (via video deposition)
    Independent Medical Reviews
    17732 Highland Road, Ste. G, Box 145
    Baton Rouge, LA 70810

The following witnesses may be called at trial, including:

1. Tiffany Turner (via deposition)
   Relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.


2. Juan Matthews (via deposition)
   Relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

3. Dimitri Frazier
   3221 Kabel Drive
   New Orleans, LA 70131
   Relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.


4. Adonte Turner ( via deposition)
   Relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Plaintiffs, before or after the alleged accident; and information regarding common facts and direct connections to similar accidents in New Orleans.


5. Charlotte Jones (live or via deposition)
   Social media postings; social media friends, relationships with people involved in similar accidents in New Orleans; communications with and/or contact with Tiffany Turner and Raymond Riley about staging accidents similar to the subject accident; and information regarding common facts and direct connections to similar accidents in New Orleans.

6. Joe Schembre
   JS Investigations
   560 Oak Harbor Blvd., Ste. 201
   Slidell, LA 70458
   Investigation and link analysis regarding common facts and direct connections to other similar accidents in New Orleans, LA and investigation of Tiffany Turner Facebook posting about staging accidents by Marlene Kennedy and/or Charlotte Jones and investigation of Raymond "Top" Riley role in staging accidents and fact learned during investigation of Tiffany Turner, Raymond "Top" Riley, Charlotte Jones, Marlene Kennedy, Lesdreaka Dickson, Harry Dorsey and Ryan Harris.

7. Lance Watson
   Cell phone forensics and Call Detail Records expert regarding facts of the telephone records connections of Richard Turner, Taminika Shaul, Derrick Thomas, Sade Thomas, Tiffany Turner, Raymond Riley, Ryan Harris, and Cornelius Garrison and consistent with his report.

8. Lori Jolly – Representative of Canal Insurance Company – Regarding any relevant issues concerning suffered damages of Canal Insurance Company to be shown at the trial of this matter, including but not limited to, expert fees and other litigation expenses in association with the investigation and defense of this action.

**14.    JURY TRIAL:**

This case is a jury case.  All aspects of the case will be tried before a jury.

Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than **five working days** prior to the trial date, unless specific leave to the contrary is granted by the Court.

**15.    LIABILITY/QUANTUM:**

The issue of liability (will or will not) be tried separately from that of quantum.

**16.    OTHER DISPOSITIVE ISSUES:**

None at this time.

**17.    TRIAL SCHEDULE:**

The trial shall commence on May 1, 2023 at 9:00 a.m. and is expected to last four (4) days depending on evidentiary rulings.

**18.    CONFERENCE OF THE PARTIES/OPPORTUNITY TO REVIEW:**

This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order        will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

**19.    POSSIBILITY OF SETTLEMENT:**

Possibility of settlement of this case was considered.  The parties do not believe a settlement can be reached and expect the trial to go forward as scheduled.

**20**.    **SIGNATURES**

EDWIN M. SHORTY, JR. & ASSOCIATES

*/s/ Edwin M. Shorty, Jr.*
_____
Edwin M. Shorty, Jr., #28241
Nathan M. Chiantella, #35450
650 Poydras Street, Suite 2515
New Orleans, LA 70130
Phone:  (504) 207-1370
Fax:  (504) 207-0850
Email: eshorty@eshortylawoffice.com
Email: nchiantella@eshortylawoffice.com

*And*

H.L. HARPER & ASSOCIATES, L.L.C.

*/s/ Hope L. Harper*
_____
Hope L. Harper, #33173
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (855) 880-4673
Fax: (504) 322-3807
Email: hharper@hlharperandassociates.com
ATTORNEYS FOR PLAINTIFFS,
*Richard J. Turner, Taminika Shaul and*
*Derrick Thomas*

**PERRIER & LACOSTE, LLC**

*/s/ Trent P. Roddy*
**GUY D. PERRIER, TA #20323**
**TRENT P. RODDY, #29404**
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820;
Fax:  (504) 212-8825
Email: gperrier@perrierlacoste.com
Email: dpoche@perrierlacoste.com
ATTORNEYS     FOR     DEFENDANTS,
*Christopher C. Cook and Canal Insurance*
*Company*
ATTORNEYS     FOR     PLAINTIFF-IN-
COUNTERCLAIM,
*Canal Insurance Company*

_____
**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT COURT JUDGE**
**U.S.D.C. FOR EASTERN DISTRICT OF LOUISIANA**

Dated:   _____, 2023